**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

ME2 PRODUCTIONS, INC.,

a Nevada Corporation,

Plaintiff,

vs.

JOHN DOES 1-4,

Defendants.

---

**DECLARATION OF DANIEL ARHEIDT IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY OF INFORMATION PRIOR TO RULE 26(f) CONFERENCE**

---

1. My name is Daniel Arheidt. I am over the age of 18 and competent to make this declaration. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

2. I have been retained as as consultant by Maverickeye UG ("MEU"), a company incorporated in Stuttgart and organized and existing under the laws of Germany.

3. MEU monitors peer-to-peer, BitTorrent networks for acts of distribution of the Plaintiff's motion picture through the use of proprietary MaverikMonitor™ software.

4. When the MaverikMonitor™ software finds an Internet Protocol ("IP ") address distributing the Plaintiff's motion picture, a direct connection is made to that computer device and a portion of the infringing file is downloaded. The MaverikMonitor™ software also records the

exact time of the connection and other available information broadcast by the infringing computer device.

5. This evidence is then saved on a secure server in indexed evidence logs.

6. To confirm the infringing activity, the data downloaded from each infringing computer device is matched to the complete file and a full copy of the motion picture being distributed is compared with a DVD of the original motion picture confirming that the infringing IP address is in fact distributing the Plaintiff's motion picture.

7. The software uses a geolocation functionality to determine the location of each infringing IP address under investigation. The geolocation data for the infringing IP address is set forth in Exhibit 1 of the Complaint.

8. The software reviews other publicly available and searchable data to identify the Internet Service Provider ("ISP") that is providing the Internet service for the subscriber whom it has assigned the infringing IP address, and this data is also set forth in Exhibit 1 of the Complaint.

9. I have reviewed the relevant evidence logs compiled by the MaverikMonitor™ software and can confirm that the records of infringing activity in Exhibit 1 of the Complaint, including IP address, time, and hash value, accurately reflect instances of actual observed distribution of the Plaintiff's motion picture.

10. Publicly available databases do not permit MEU to identify a specific subscriber, however these records are normally maintained for a limited amount of time by the ISP that is

providing the Internet service for the subscriber whom it assigned the relevant IP address.

**DECLARATION**

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13 day of April, 2017.

By: ______________________
Daniel Arheidt